---

## EVANS *v.* ELLEFSON.

### Opinion delivered March 4, 1907.

1. NEGLIGENCE—LIABILITY OF SERVANT TO THIRD PERSON.—One who piled dirt in the street as agent or servant of the owner of the lot from which it was taken is not liable where the lot owner, without giving notice of its presence to travelers, permitted it to remain in the street for several weeks until plaintiff was injured. (Page 513.)

2. SAME—PROXIMATE CAUSE.—Where there was no evidence that a pile of dirt placed in a street by defendant was dangerous, but it appeared that plaintiff's horse stumbled on some tiling placed on top of the dirt by some unknown person, which caused plaintiff to receive injuries, defendant was not liable. (Page 514.)

Appeal from Sebastian Circuit Court, Ft. Smith District; *Styles T. Rowe,* Judge; affirmed.

*Edwin Hiner,* for appellant.

1. The first instruction was erroneous. It was immaterial who had control of the dirt at the time of the injury. If the defendant placed, or caused to be placed, the obstruction in the street, and was negligent in so doing, he is liable, unless the plaintiff was guilty of contributory negligence.

2. There was nothing in the record on which to base the fourth instruction.

*T: W. M. Boone,* for appellee.

1. The first instruction properly submitted to the jury the question whether or not the defendant had any control over the cause of the accident, and the question as to contributory negligence on the part of the plaintiff.

2. The fourth instruction was right. Plaintiff's testimony showed that there was tiling lying on top of the dirt, and there was no testimony to show that defendant placed it there.

McCulloch, J. Appellant instituted this action against appellee to recover damages sustained by reason of alleged negligence of appellee in depositing and leaving in a street of the city of Fort Smith a pile of dirt over which appellant's horse stumbled and fell and caused the injury to appellant complained of.

Appellant testified that he was riding at a gallop along the street at night and turned his horse slightly to the side of the street in order to give way to some ladies, when the horse ran into the pile of dirt, his feet striking some tiling which lay on top of the dirt, and fell down and threw him (appellant) and inflicted the injury. There was no light on the pile of dirt or other warning of its presence given. The testimony also showed that appellee placed the pile of dirt in the street, and that it remained there for several weeks.

Appellee testified that he contracted to lay a sidewalk along the church lot, and that in doing the work it was necessary to excavate and to pile the dirt on the side of the street, and that he was directed to do so by representatives of the church which owned the lot; that the dirt belonged to the lot owner and the disposition of the same was optional with the owner; that he had nothing to do with the removal of the dirt, but that certain parties wanted to buy it and he sent them to the church representative, who refused to sell it and allow its removal.

The court gave the following instructions over appellant's objection, and the giving of each is now assigned as error:

"1. If you find from the evidence at the time of the injury complained of that defendant had no control over the dirt complained of, but that it belonged to and was in charge of and under the control of the church mentioned, then you should find for the defendant. If, however, you find the dirt in question was in control of the defendant at the time of the injury, and the

piling of the dirt at the point testified to caused the injury to the plaintiff, then you may find for the plaintiff, provided you believe that at the time of the injury he was exercising ordinary care for his own protection.

"4. If the jury find that the alleged accident was caused by the horse of the plaintiff stumbling over tiling, they shall find for the defendant, as there is no testimony that the defendant placed the tiling in the street."

To the giving of which instructions plaintiff at the time excepted, and asked that his exceptions be noted of record, which was accordingly done.

It is argued that the first instruction was wrong because, if the defendant was guilty of negligence in placing the dirt in the street, it was immaterial that his employer had control of the dirt at the time of the injury and refused to permit its removal. We do not, however, think the contention of counsel is well founded. Appellee was, as to the construction of the sidewalk, an independent contractor, but, according to the testimony, he was only the agent and servant of the lot owner in piling the dirt in the street. He did this part of the work entirely according to the direction of the lot owner, and while, as such agent, he may have become liable for the negligent act of piling the dirt in the street, if the mere piling of it there for a short time could be held to be negligence, still he had nothing to do with allowing it to remain in the street and in failing to give warning to travelers of its presence. That was altogether the act of the lot owner, and one in which the servant did not participate. After he had placed the dirt there under the direction of the owner he had no further control over it, and therefore could not be liable for negligence in allowing it to remain there or in failing to give warning to travelers of its presence. That was negligence of the master, and not of the servant, unless the latter was still in the service of the master with reference to that particular matter, and was himself guilty of the omission to do something which his duty required him to perform. 5 Thompson on Negligence, § 5771. The injury to plaintiff did not result from the act of the defendant in temporarily placing the dirt in the street, but in the act of the master in allowing it to remain there unguarded for an unreasonable length of time. The

complaint alleges specifically that the negligence consisted of leaving the dirt an unreasonable length of time. We think the instruction in question was correct.

Nor was the fourth instruction erroneous. The plaintiff's own testimony showed that the tiling on top of the dirt pile was the cause of his horse stumbling, and there was no evidence at all that the defendant had anything to do with placing the tiling there. There is nothing to show that the pile of dirt was dangerous to travelers, and defendant was not shown to have been responsible for placing the tiling thereon.

No error is found in the record, and the judgment is affirmed.

BATTLE, J., absent.